**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINE MORABITO, | ) | CASE NO. 1:16-cv-2414 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of plaintiff Christine Morabito ("Morabito") for an award of attorney fees in the amount of $5,796.75 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 19 ["Mot."].) Defendant Commissioner of Social Security ("Commissioner") opposed the motion with respect to the requested hourly rate. (Doc. No. 21 ["Resp."].)

**A. Background**

Morabito filed this action on September 30, 2016, seeking review of the Commissioner of Social Security's ("Commissioner") decision denying her applications for period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 et seq. (Doc. No. 1.) The case was referred to the magistrate judge pursuant to Local Rule 72.2, who issued a report recommending that the

decision of the Commissioner be vacated and the case remanded for further proceedings. (Doc. No. 15.) The Commissioner responded, stating that no opposition would be filed to the recommendation. (Doc. No. 16.) Thus, the Commissioner's decision was reversed and the case was remanded. (Doc. Nos. 17 and 18.)

In support of her motion for attorney fees, Morabito submits: (1) plaintiff's affidavit assigning any fee to which she may be entitled under the EAJA to her attorney (Doc. No. 19-1); (2) the affidavit of plaintiff's counsel, John Paul Oreh ("Oreh") (Doc. No. 19-2 ["Oreh Aff."]); and (3) Oreh's time records for this case, showing that 29.50 hours were expended between August 10, 2016 and  August 15, 2017 (Doc. No. 19-3). In her motion, plaintiff seeks an hourly rate of $196.50. (Mot. at 1157.)

In opposing the motion, the Commissioner does not contend that plaintiff is not entitled to EAJA fees or object to the number of hours claimed by Oreh. Rather, the Commissioner argues that plaintiff has not satisfied her burden to show that she is entitled to attorney fees at an hourly rate of $196.50.

**B. Discussion**

The EAJA requires the government to pay a prevailing social security plaintiff's reasonable attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that plaintiff is a prevailing party under the EAJA, and the Commissioner does not contend that its position was substantially justified. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015) ("A

plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'"), *report and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015).

The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates for services similar in kind and quality, but shall not exceed $125.00 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). It is plaintiff's burden to provide appropriate evidence to support any requested increase over the statutory rate. *Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095, 1097 (6th Cir. 2016) (citing *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009)).

### 1. The motion does not support an hourly rate of $196.50

Oreh's affidavit, submitted in support of the motion, states that he spent 29.50 hours on this case and that his regular hourly rate is $350.00. (Oreh Aff. ¶¶ 4-5.) According to his affidavit, Oreh has practiced law and represented social security disability and supplemental security income clients for 32 years. (Oreh Aff. ¶ 3.) Oreh avers that he is entitled to a cost-of-living increase over the statutory fee of $125.00 based upon the "Consumer Price Index for this region[,]" which he calculates to yield an hourly rate of $196.50. (Oreh Aff. ¶ 7.)

In opposing the hourly rate requested by Morabito, the Commissioner argues that in the Sixth Circuit, the consumer price index ("CPI") alone is insufficient to justify an increase in the statutory hourly rate of $125.00. (Resp. at 1166-67, citing *Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095, 1098 (6th Cir. 2016) and *Clark v. Comm'r of Soc.*

*Sec.*, 664 F. App'x 525, 2016 WL 6958640 (6th Cir. Nov. 29, 2016).) Morabito did not

reply or otherwise supplement the motion to address the arguments and case law raised by

the Commissioner in opposing the hourly rate requested.

> [The Sixth Circuit] requires a plaintiff seeking an attorney's fee of greater
> than $125 per hour to show by competent evidence both that the cost of
> living justifies a higher rate *and*, as the statute itself requires, that the fee is
> "in line with those prevailing in the community for similar services by
> lawyers of reasonably comparable skill, experience, and reputation." *Bryant*,
> 578 F.3d at 450 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S.
> Ct. 1541, 79 L. Ed. 2d 891 (1984)). Accordingly, this court has held that the
> CPI alone is insufficient to justify an attorney's fee higher than the $125 per
> hour statutory cap. *Id.*; *Clark v. Comm'r of Soc. Sec.*, No. 16–5393, [664 F.
> App'x 525], 2016 WL 6958640 (6th Cir. Nov. 29, 2016) (unpublished);
> *Sakhawati v. Lynch*, 839 F.3d 476, 481 (6th Cir. 2016). The CPI alone is
> insufficient because, although it addresses the cost-of-living factor to
> overcome the statutory cap, it does nothing to show whether the prevailing
> rate in the relevant community is higher than $125 per hour.

*Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095, 1098 (6th Cir. 2016).

Morabito's motion and attached documentation lack any information regarding the

prevailing hourly rate in the community for similar services by lawyers with comparable

skill and experience to Oreh, which may take the form of affidavits of other attorneys

experienced in Social Security disability cases and bar association surveys. *See Caldwell ex*

*rel. K.S. v. Comm'r of Soc. Sec.*, No. 1:12-CV-743, 2013 WL 4830953, at *5 (S.D. Ohio

Sept. 10, 2013), *report and recommendation adopted,* No. 1:12CV743, 2013 WL 5521960

(S.D. Ohio Oct. 3, 2013). It is Morabito's burden to "provide evidence that an attorney fee

rate above $125 per hour in her case is justified by the 'kind and quality of the services

furnished.'" *Caviness v. Comm'r of Soc. Sec.*, 681 F. App'x 453, 456 (6th Cir. 2017). "If

the plaintiff fails to provide such evidence that a higher hourly rate is justified in her case, a

district court must say so in rejecting an attorney fee rate above $125 per hour." *Id.*

While Morabito has addressed the cost-of-living issue, she has provided "nothing to show whether the prevailing rate in the relevant community is greater than $125 per hour." *Coursey v. Comm'r of Soc. Sec.*, 843 F.3d at 1098; *Ringel v. Comm'r of Soc. Sec.*, No. 1:12-CV-521, 2018 WL 718612, at *10 (S.D. Ohio Feb. 27, 2018) ("In *Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095 (6th Cir. 2016), the Sixth Circuit confirmed that EAJA awards are to be based both on cost of living factors and evidence of 'the prevailing market rate in the local community[.]'"). Because Morabito has addressed only one of two factors that must be considered by the Court in order to determine whether an increase in the statutory hourly rate is justified, the Court adheres to the statutory rate of $125.00. *See Pope v. Comm'r of Soc. Sec.*, No. 15-12977, 2017 WL 2374827, at *8 (E.D. Mich. Mar. 3, 2017) (awarding fees at a rate of $125 per hour where plaintiff failed to provide evidence regarding hourly rates of similarly experienced lawyers in the jurisdiction, observing that the EAJA "statute does not provide for automatic increases in the rate of fees. If Congress intended for fees under the EAJA to automatically adjust for inflation, it knew how to accomplish that task.") (citations omitted), *report and recommendation adopted,* No. 15-12977, 2017 WL 2351737 (E.D. Mich. May 31, 2017).

The Commissioner does not object to the number attorney hours claimed by Morabito. The Court has examined Oreh's itemized time record and finds that his expenditure of those 29.50 hours was reasonable in this case. *See Crim v. Comm'r of Soc. Sec.*, No. 1:11-CV-137, 2013 WL 1063476, at *4 (S.D. Ohio Mar. 14, 2013) ("The Sixth Circuit has previously noted that the number of hours expended in pursuit of most social security appeals is in the range of 'twenty to thirty hours,' *Glass v. Sec'y of HHS,* 822 F.2d

19, 20 (6th Cir. 1987), with forty hours topping out the high end of what has been described as an average range. *See Hayes v. Sec'y of HHS,* 923 F.2d 418, 420 (6th Cir. 1990) (noting that the 'average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours').")*, report and recommendation adopted,* No. 1:11CV137, 2013 WL 3367337 (S.D. Ohio July 5, 2013). Moreover, the Court is not aware of any special circumstances that would make an award of EAJA attorney fees unjust.

Therefore, the Court will grant Morabito's motion for EAJA fees in part, awarding an hourly rate of $125.00 for 29.50 hours, for a total of $3,687.50.

### 2.     EAJA attorney fee award subject to offset

Although not discussed by either side in their briefing, EAJA fees are awarded to Morabito, not her lawyer, and are therefore subject to offset where plaintiff has outstanding federal debts. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 2522, 177 L. Ed. 2d 91 (2010). Counsel for the parties shall promptly determine whether Morabito owes any pre-existing debt to the United States that is subject to offset, and any such debt will be offset against the EAJA award granted herein.

Morabito has assigned any EAJA fees to which she may be entitled to her lawyer. (Doc. No. 19-1.) Therefore, the Commissioner will direct that the EAJA award herein that is not subject to offset be made payable to Morabito's counsel pursuant to that assignment, and the Commissioner will direct the Treasury Department to mail any check in this matter to counsel's business address.

**C. Conclusion**

For all of the foregoing reasons, Morabito's motion of EAJA attorney fees pursuant

to 28 U.S.C. § 2412 is granted in part in the amount of $3,687.50. This amount shall be

paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.


Dated: March 29, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**